UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| G.R., a minor child, by and through CATHERINE JOYCE, his mother and Next Friend, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 1:07 CV 171 LMB |
| UNION PACIFIC RAILROAD COMPANY, et al. | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the Second Amended Complaint of Plaintiffs G.R., a minor child, by and through Catherine Joyce, his mother; Gary Don Ross; Brenda Faye Ross; and Brandon Ross. Currently pending before the court is Plaintiffs' Motion for Leave to File Plaintiff's Third Amended Complaint. (Document Number 66). Defendant Union Pacific Railroad Company ("Union Pacific") has filed a Response in Opposition to plaintiffs' Motion for Leave to File Third Amended Complaint, to which Defendant Stoddard County Cotton Company has joined. (Docs. No. 69, 70). Also pending is Plaintiffs' Motion to Dismiss Without Prejudice for Lack of Subject Matter Jurisdiction (Doc. No. 67), to which Defendant Union Pacific has filed a Response in Opposition. (Doc. No. 71).

### Background

On November 27, 2007, plaintiffs filed their Complaint for the alleged wrongful death of Gary Ross, resulting from a collision between Defendant Union Pacific's locomotive and the

-1-

motor vehicle operated by Gary Ross. (Doc. No. 1). Plaintiff's Complaint alleged that this court had subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, because the parties were citizens of different states and the amount of controversy exceeded $75,000.00. On February 29, 2008, the court granted plaintiffs leave to file an amended complaint. (Doc. No. 11). In plaintiffs' First Amended Complaint, plaintiffs added Stoddard County Cotton Company as a defendant. (Doc. No. 12). Although the addition of this defendant would destroy diversity jurisdiction, plaintiffs' First Amended Complaint stated that this court still had jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiffs allege violations of "the Federal Rail Safety Act, the Highway Safety Act and Federal Law." On May 5, 2008, the court granted plaintiffs leave to file a Second Amended Complaint, in which plaintiffs allege additional claims against defendants. (Doc. No. 27).

**I.   Plaintiffs' Motion to Dismiss**

In their Motion to Dismiss, plaintiffs argue that their alleged violations of the Federal Railroad Safety Act, Highway Safety Act, and Federal Law in the First and Second Amended Complaints do not establish a federal question pursuant to 28 U.S.C. § 1331. Plaintiffs thus request that this matter be dismissed without prejudice. In the alternative, plaintiffs request leave to file a Third Amended Complaint which does not contain any allegations of violations of Federal Law.

**A.   Standard**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). If a federal court takes action in a dispute over which it

lacks subject matter jurisdiction, that action is a nullity. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951); Hart v. Terminex Int'l, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity").

In their First Amended Complaint, plaintiffs alleged jurisdiction based on federal question jurisdiction, under 28 U.S.C. § 1331. A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pacific R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983)). A plaintiff is the master of his complaint, and may avoid federal removal jurisdiction by exclusive reliance on state law. Caterpillar v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A claim that is completely preempted by federal law is "considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393, 107 S.Ct. 2430 (citing Franchise Tax Bd., 463 U.S. at 12, 103 S.Ct. 2847-2848).

There is a variety of federal jurisdiction know as "arising under" jurisdiction, under which "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 2367, 162 L.Ed.2d 257 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state

law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" Id. There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Id. at 314, 125 S.Ct. 2368 (internal marks omitted). "The question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). As quoted above, federal jurisdiction exists only in those circumstances where a federal question is presented by a well-pleaded complaint which shows that either federal law creates the cause of action, or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board, 463 U.S. at 13, 103 S.Ct. 2848.

**B.  Discussion**

As stated above, plaintiffs claim that the alleged violations of the Federal Railroad Safety Act, the Highway Safety Act, and Federal Law contained in their Second Amended Complaint do not establish a federal question. Plaintiffs cite Bates v. Missouri & Northern Arkansas R. Co., Inc., 548 F.3d 634, 637-38 (8th Cir. 2008), and Connolly v. Union Pacific R.R. Company, 453 F. Supp.2d 1104, 1109-1111 (E.D. Mo. 2006), as authority for their position.

Defendants argue that plaintiffs, as the masters of their claims, could have avoided federal jurisdiction by exclusive reliance on state law. Defendants contend that, unlike the cases on which

plaintiffs rely, plaintiffs chose a federal forum by stating claims for violations of the Federal Railroad Safety Act, the Highway Safety Act and Federal Law. Defendants argue that because plaintiffs have stated federal questions on the face of their Complaint this court has subject matter jurisdiction and should deny plaintiffs' motion to dismiss.

The Federal Railroad Safety Act (FRSA) was enacted in 1970 to promote safety in every area of railroad operations and to reduce railroad-related accidents and incidents. 49 U.S.C. § 20101. The FRSA grants the Secretary of Transportation broad authority to "prescribe regulations and issue orders for every area of railroad safety." Id. at § 20103(a). The FRSA also contains an express preemption provision which displaces the state's authority to regulate railroad safety when the Secretary of Transportation "prescribes a regulation or issues an order covering the subject matter of the State requirement." Id. at 20106(a)(1)-(2).

In Connolly, the Eastern District of Missouri[1] held that the plaintiff's claims referencing federal regulations regarding railroad grades and crossings and the federal Manual on Uniform Traffic Control Devices for railroad grades and crossings were not completely preempted by the FRSA such as to permit removal of a wrongful death action from state court. 453 F. Supp.2d at 1109-1111. In Bates, the Eighth Circuit held that the defendant's argument for complete preemption under the FRSA had been foreclosed by a 2007 amendment to § 20106 and the Eighth Circuit's decision in Lundeen v. Canadian Pacific Railway Co., 532 F.3d 682 (8th Cir. 2008). 548 F.3d at 637-38.

Unlike the cases plaintiffs cite, which involve cases removed from State court based on alleged complete preemption, plaintiffs affirmatively allege in the Second Amended Complaint

---

[1] United States District Judge Charles A. Shaw.

that this court has subject matter jurisdiction due to the presence of a federal question. As such, it is necessary to review the allegations in the Second Amended Complaint to determine if they raise a federal question.

Plaintiffs allege four counts in their Second Amended Complaint. In Count I, plaintiffs allege a wrongful death claim against Defendant Union Pacific based on the following theories: failure to exercise reasonable care in the operation and maintenance of defendant's locomotive; failure to operate defendant's locomotive at a reasonable speed under the conditions existing at the time and place of the collision; failure to keep proper lookout; failure to inspect, maintain and repair the track, signs, crossing lights, lights, and other property at the crossing; failure to maintain the crossing in a safe and reasonable manner taking into consideration the physical characteristics of the crossing; failure to maintain the crossing and keep it free of visual obstructions; failure to provide required warning to the public approaching or using the crossing of approaching trains; failure to maintain or install adequate and reasonable passive warning devices at the crossing; failure to maintain existing warning devices in proper repair and working condition at the crossing; failure to abandon and close the closing; and failure to comply with applicable federal and state statutes, codes and regulations which amounts to evidence of negligence and negligence per se under Missouri law.

In Count II, plaintiffs allege a negligence claim against Defendant Stoddard County Cotton Company. Plaintiffs contend that Defendant Stoddard County Cotton Company negligently operated a cotton module hauler and truck by failing to keep a proper look-out for oncoming vehicles; failing to warn oncoming vehicles of the dangerous condition created; failing to warn oncoming vehicles of the dangerous condition created; failing to warn of an obstruction in

the roadway that they caused; operating the cotton module hauler and truck without adequate training and experience; failing to obey the rules of the road; making an illegal turn; and failing to comply with various provisions of the Federal Motor Carrier Safety Regulations (FMCSR).

In Count III, plaintiffs allege a negligent and careless hiring, training, and supervising claim against Defendant Stoddard County Cotton Company with regard to James Haynes, the operator of the cotton module hauler and/or truck involved in the crash. Plaintiffs allege that, pursuant to the FMCSR, defendant owed the general public a duty to determine the qualifications of its agents, servants, and employees.

Finally, in Count IV of their Second Amended Complaint, plaintiffs allege a negligence per se claim against Defendant Stoddard County Cotton Company based upon violations of the FMCSR. Plaintiffs claim that defendant violated 49 C.F.R. 392.3 by allowing James Haynes to operate defendant's cotton module hauler and/or truck at the time of the crash while fatigued and impaired.

Plaintiffs' Second Amended Complaint does not plead a federal cause of action. Rather, plaintiffs bring state law wrongful death, negligence and negligence per se claims, which contain allegations that defendants failed to comply with federal standards of care. References to federal authorities do not create "substantial questions of federal law" which would confer jurisdiction on this court. See Merrell Dow, 478 U.S. at 814, 106 S.Ct. 3229. The federal authorities may be elements of the state claims, but "only to the extent that they provide a reference as a means of creating a duty, the violation of which may constitute negligence under Missouri law." Connolly, 453 F. Supp.2d at 1109-10. See also Gillenwater v. Burlington Northern and Santa Fe Ry. Co., 481 F. Supp.2d 998, 1004 (E.D. Mo. 2007). It is clear from the review of the Second Amended

Complaint that, despite plaintiffs' references to federal authorities, federal law does not create the cause of action and plaintiffs' right to relief does not necessarily depend on resolution of a substantial question of federal law.

Further, the doctrine of complete preemption does not apply to confer jurisdiction in this matter. On August 3, 2007, Congress clarified the preemptive effect of the FRSA. See 153 Cong. Rec. H8496-01, at * H8590. Congress specifically made reference to the jurisdictional issue of complete preemption and explained that "nothing in 49 U.S.C. § 20106 creates a federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action." Id. Thus, Congress has clearly established that complete preemption does not apply to establish jurisdiction in this case. Defendants, however, can raise the affirmative defense of preemption to the State trial court that has jurisdiction over this matter.

The circumstances in this case are unusual in the respect that plaintiffs initially filed this action in federal court alleging federal question jurisdiction and more than a year later, plaintiffs now argue that this court lacks jurisdiction. In opposing plaintiffs' motion to dismiss, Defendant Union Pacific relies on the fact that plaintiffs chose the federal forum. Defendant, however, cites no authority for its position that the allegations in the Second Amended Complaint establish a federal question. The fact that plaintiffs initially alleged federal question jurisdiction does not confer jurisdiction on this court when jurisdiction is otherwise lacking. Rather, it is well-established that defects in subject matter jurisdiction cannot be waived. See Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) ("Lack of federal subject-matter jurisdiction, however, cannot be waived, and we may raise the issue ourselves even if the parties do not."); Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."). It is with reluctance that the court is dismissing this matter because of the time and effort already expended. For the reasons stated above, however, this court feels it has no choice but to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Without Prejudice for Lack of Subject Matter Jurisdiction (Doc. No. 67) be and it is **granted**.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the instant cause of action be **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that all other pending motions be **denied as moot**.

Dated this   6th   day of October, 2009.

*/s/ Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE